[Cite as *Corley v. Sullivan-Busman*, 2013-Ohio-3153.]

**[Vacated opinion. Please see 2013-Ohio-3909.]**

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99420**

## VICKY CORLEY

PLAINTIFF-APPELLEE

vs.

## JEROME J. SULLIVAN-BUSMAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cleveland Municipal Court
Case No. 2010 CVG 003410

**BEFORE:**    Blackmon, J., Rocco, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**    July 18 2013

**ATTORNEYS FOR APPELLANT**

Peter M. Iskin
Hazel G. Remesch
The Legal Aid Society of Cleveland
1223 West Sixth Street
Cleveland, Ohio 44113


**FOR APPELLEE**

Vickey Corley, pro se
3837 Grosvenor Road
South Euclid, Ohio 44118

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Jerome J. Sullivan-Busman ("Sullivan-Busman") appeals the Cleveland Municipal Court's denial of his motion to vacate the default judgment in favor of his former landlord, Vicky Corley ("Corley"), and assigns the following errors for our review:

> **I. The trial court erred as matter of law and committed reversible error when it: (1) held that, if a landlord elects under Civil Rule 18(A) to join in a complaint against a tenant both a Forcible Entry and Detainer ("FED") action and action for money damages for unpaid rent, unpaid charges or fees, or other rental agreement violations ("landlord's action for money damages"), the landlord's action for money damages is an FED action or a cause of action arising under R.C. Chapter 1923 and therefore subject to Civil Rule 1(C); and (2) thereupon held that the service of process for the landlord's action for money damages is not required to comport with the requirements of Civil Rules 4.1 and 4.6 and therefore entered the Judgment Entry, filed December 19, 2012 ("Dec. 2012 Judgment Entry"), denying Defendant's Motion to Vacate Judgment, filed April 29, 2011 ("Motion to Vacate").**

> **II. The trial court abused its discretion, erred as a matter of law, and committed reversible error when it : (1) held that Defendant's uncontradicted sworn statements, in which he stated that he did not receive the service of process in this case and he stated related supportive facts, do not meet the requirements to vacate the default judgment for money damages that the trial court entered against him in Judgment Entry, filed April 28, 2010 ("April 2010 Judgment Entry"); and (2) therefore entered the Dec. 2012 Judgment Entry, denying the Motion to Vacate.**

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

**{¶3}** On February 22, 2010, Corley filed a forcible entry and detainer complaint in which she asserted a cause of action for back rent. The municipal court sent the complaint along with the summons to Sullivan-Busman simultaneously by certified and

regular mail. The post office returned the certified mail to the clerk's office marked "unclaimed." The regular mail was not returned.

**{¶4}** On April 26, 2010, after Sullivan-Busman had failed to file an answer or other responsive pleading within 28 days of service, the magistrate conducted a default hearing. After presentation of testimony and other evidence, the magistrate granted judgment to Corley in the amount $3,000 for unpaid rent. On April 28, 2010, the trial court adopted and approved the magistrate's decision.

**{¶5}** On April 29, 2011, Sullivan-Busman filed a motion to vacate the default judgment entered in favor of Corley. In the motion, Sullivan-Busman alleged that he vacated the rental property on February 4, 2010, never received the complaint or summons, and only became aware of the action on December 2, 2010, when he was reviewing his credit report.

**{¶6}** On December 19, 2012, the trial court denied Sullivan-Busman's motion to vacate. Sullivan-Busman now appeals.

## Joinder in Forcible Entry and Detainer

**{¶7}** In the first assigned error, Sullivan-Busman argues the trial court erred when it joined Corley's first cause of action for possession in forcible entry and detainer with the second cause of action for money damages relating to back rent. As such, Sullivan-Busman argues the trial court should have granted the motion to vacate the default judgment.

{¶8} The decision of a trial court regarding a motion to vacate a judgment will not be overturned on appeal absent an abuse of discretion. *C & W Inv. Co. v. Midwest Vending, Inc.,* 10th Dist. No. 03AP-40, 2003-Ohio-4688. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶9} In Ohio, R.C. Chapter 1923 governs forcible entry and detainer actions. *Middletown Park Realty, L.L.C. v. Bar BQ Junction, Inc.,* 12th Dist. No. CA2009-10-258, 2010-Ohio-2171. The notice to vacate and the service of process in such actions are governed by R.C. 1923.04 and 1923.06. *Machshonba v. Cleveland Metro. Hous. Auth.,* 8th Dist. No. 96811, 2011-Ohio-6760. Ordinarily, Civ.R. 4 governs service of process in all civil actions, however, Civ.R. 1(C) specifically exempts forcible entry and detainer actions from their purview. *Dobbins v. Kalson*, 10th Dist. No. 07AP-831, 2008-Ohio-395, ¶ 10, citing *Miele v. Ribovich*, 90 Ohio St.3d 439, 2000-Ohio-193, 739 N.E.2d 333; Civ.R. 1(C).

{¶10} The purpose of the forcible entry and detainer act is to provide a summary, extraordinary, and speedy remedy for the recovery of possession of real property. *State ex rel. GMS Mgmt. Co. v. Lazzaro*, 8th Dist. No. 97875, 2012-Ohio-3961.

{¶11} In the instant case, Sullivan-Busman argues the trial court should not have joined Corley's action for possession with her action for back rent. Sullivan-Busman contends that Corley's action for back rent is more properly pursued under the Rules of

Civil Procedure. However, R.C. 1923.081, regarding joinder of causes of action, states in pertinent part as follows:

> **A trial in an action for forcible entry and detainer for residential premises, other than an action against a deceased resident of a manufactured home park, or for a storage space at a self-service storage facility, as defined in division (A) of section 5322.01 of the Revised Code, pursuant to this chapter may also include a trial on claims of the plaintiff for past due rent and other damages under a rental agreement, unless for good cause shown the court continues the trial on those claims.**

{¶12} Thus, R.C. 1923.081 clearly permits joinder of causes of action for possession, past due rent, and damages, in one trial. *See Forney v. Climbing Higher Ents., Inc.,* 158 Ohio App.3d 338, 2004-Ohio-4444, 815 N.E.2d 722 (9th Dist.). Further, as Sullivan-Busman seems to suggest, to require a landlord to obtain service with regard to restitution of premises pursuant to R.C. 1923.06, but obtain service with regard to any causes of action for monetary damages pursuant to the Rules of Civil Procedure, though contained in the same complaint and arising out of the same facts, would sacrifice judicial economy and undermine the purpose of forcible entry and detainer actions, which is to provide an inexpensive, summary proceeding.

{¶13} Based on the foregoing, we find no abuse of discretion in the trial court's decision to join both causes of action in the underlying proceeding. Accordingly, we overrule the first assigned error.

### Motion to Vacate

{¶14} In the second assigned error, Sullivan-Busman argues the trial court erred when it failed to vacate the default judgment.

**{¶15}** Civ.R. 55(B) states that if a trial court enters a default judgment, the court may set it aside in accordance with Civ.R. 60(B). *MCS Acquisition Corp. v. Gilpin*, 11th Dist. No. 2011-G-3037, 2012-Ohio-3018.

**{¶16}** A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. *TPI Asset Mgt., L.L.C. v. Benjamin*, 10th Dist. No. 11AP-334, 2011 Ohio 6389, citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore*, supra. When applying an abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Deutsche Bank Natl. Trust Co. v. Oyortey*, 10th Dist. No. 11AP-878, 2012 Ohio App. LEXIS 1418 (Apr.10, 2012), citing *Berk v. Matthews*, 53 Ohio St.3d 161, 559 N.E.2d 1301 (1990).

**{¶17}** Civ.R. 60(B) states in pertinent part, as follows:

> **On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.**

**{¶18}** To prevail on a Civ.R. 60(B) motion to vacate judgment, the moving party must demonstrate the following:

**(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment order or proceeding was entered or taken.**

*BAC Home Loans Servicing L.P. v. Komorowski*, 8th Dist. No. 96631, 2012-Ohio-1341, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶19}   In the instant case, in motion to vacate, Sullivan-Busman has not advanced any specific grounds for relief, but merely states that he vacated the rental property on February 4, 2010, and never received the complaint.   As previously stated, the summons sent by certified mail was returned marked "unclaimed" and that sent by ordinary mail was not returned to the clerk's office. As such, although not stated, we can infer that Sullivan-Busman neglected to put in a change of address so that his mail could be forwarded.   Thus, we will analyze the motion as if he sought relief under the "excusable neglect" provision in Civ.R. 60(B)(1).

{¶20} The term "excusable neglect" is an elusive concept that has been difficult to define and to apply.   *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 1996-Ohio-430, 665 N.E.2d 1102.   Unusual or special circumstances can justify neglect, but if the party could have controlled or guarded against the happening or event he later seeks to excuse, the neglect is not excusable. *Natl. City Bank v. Kessler*, 10th Dist. No. 03AP-312, 2003-Ohio-6938, ¶ 14.

**{¶21}** "[A] determination of excusable neglect will turn on the facts and circumstances presented in each case." *Hopkins v. Quality Chevrolet, Inc.*, 79 Ohio App.3d 578, 582, 607 N.E.2d 914 (4th Dist.1992), quoting *Colley v. Bazell*, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980), and *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 12, 371 N.E.2d 214 (1978). The concept of excusable neglect must be construed in keeping with the notion that Civ.R. 60(B)(1) is a remedial rule to be construed liberally. *Perry v. Gen. Motors Corp.*, 113 Ohio App.3d 318, 321, 680 N.E.2d 1069 (10th Dist.1996), citing *Colley* at 248.

**{¶22}** Here, our review of the record indicates that Sullivan-Busman resided at the rental property for approximately eight years before he was evicted. After residing in a property for almost a decade, certainly the average person would have put in a change of address with the postal service so their mail could be forwarded, whether that mail was a summons or a greeting card.

**{¶23}** Sullivan-Busman, having failed to make any effort in this regard, has not demonstrated excusable neglect.

**{¶24}** Under these circumstances, we find no abuse of discretion in the trial court's denial of Sullivan-Busman's motion to vacate the default judgment. Accordingly, we overrule the second assigned error.

**{¶25}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN T. GALLAGHER, J., CONCUR