[Cite as *Corley v. Sullivan-Busman*, 2013-Ohio-3909.]

**[Please see vacated opinion at 2013-Ohio-3153.]**

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99420**

## VICKY CORLEY

PLAINTIFF-APPELLEE

vs.

## JEROME J. SULLIVAN-BUSMAN

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cleveland Municipal Court
Case No. 2010 CVG 003410

**BEFORE:** Blackmon, J., Rocco, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 12, 2013

**ATTORNEYS FOR APPELLANT**

Peter M. Iskin
Hazel G. Remesch
The Legal Aid Society of Cleveland
1223 West Sixth Street
Cleveland, Ohio 44113


**FOR APPELLEE**

Vicky Corley, pro se
3837 Grosvenor Road
South Euclid, Ohio 44118

ON RECONSIDERATION

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Jerome J. Sullivan-Busman ("Sullivan-Busman") appeals the Cleveland Municipal Court's denial of his motion to vacate the default judgment in favor of his former landlord, Vicky Corley ("Corley"), and assigns the following errors for our review:[1]

> I. The trial court erred as a matter of law and committed reversible error when it: (1) held that, if a landlord elects under Civil Rule 18(A) to join in a complaint against a tenant both a Forcible Entry and Detainer ("FED") action and action for money damages for unpaid rent, unpaid charges or fees, or other rental agreement violations ("landlord's action for money damages"), the landlord's action for money damages is an FED action or a cause of action arising under R.C. Chapter 1923 and therefore subject to Civil Rule 1(C); and (2) thereupon held that the service of process for the landlord's action for money damages is not required to comport with the requirements of Civil Rules 4.1 and 4.6 and therefore entered the Judgment Entry, filed December 19, 2012 ("Dec. 2012 Judgment Entry"), denying Defendant's Motion to Vacate Judgment, filed April 29, 2011 ("Motion to Vacate").

> II. The trial court abused its discretion, erred as a matter of law, and committed reversible error when it : (1) held that Defendant's uncontradicted sworn statements, in which he stated that he did not receive the service of process in this case and he stated related supportive facts, do not meet the requirements to vacate the default judgment for money damages that the trial court entered against him in Judgment Entry, filed April 28, 2010 ("April 2010 Judgment Entry"); and (2) therefore entered the Dec. 2012 Judgment Entry, denying the Motion to Vacate.

{¶2} Having reviewed the record and pertinent law, we reverse and remand.

The apposite facts follow.

---

[1]The original announcement of decision, *Corley v. Sullivan-Busman*, 8th Dist. Cuyahoga App. No. 99420, 2013-Ohio-3153, released July 18, 2013, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.0(1).

**{¶3}** On February 22, 2010, Corley filed a forcible entry and detainer complaint in which she asserted a cause of action for back rent. The municipal court sent the complaint along with the summons to Sullivan-Busman simultaneously by certified and regular mail. The post office returned the certified mail to the clerk's office marked "unclaimed." The regular mail was not returned.

**{¶4}** On April 26, 2010, after Sullivan-Busman had failed to file an answer or other responsive pleading within 28 days of service, the magistrate conducted a default hearing. After presentation of testimony and other evidence, the magistrate granted judgment to Corley in the amount $3,000 for unpaid rent. On April 28, 2010, the trial court adopted and approved the magistrate's decision.

**{¶5}** On April 29, 2011, Sullivan-Busman filed a motion to vacate the default judgment entered in favor of Corley. In the motion, Sullivan-Busman alleged that he vacated the rental property on February 4, 2010, never received the complaint or summons, and only became aware of the action on December 2, 2010, when he was reviewing his credit report.

**{¶6}** On December 19, 2012, the trial court denied Sullivan-Busman's motion to vacate. Sullivan-Busman now appeals.

### Motion to Vacate and Lack of Jurisdiction

**{¶7}** We begin with the second assigned error because it is dispositive of the instant appeal. In the second assigned error, Sullivan-Busman argues the trial court erred when it failed to vacate the default judgment.

{¶8} The decision of a trial court regarding a motion to vacate a judgment will not be overturned on appeal absent an abuse of discretion. *C & W Inv. Co. v. Midwest Vending, Inc.,* 10th Dist. Franklin No. 03AP-40, 2003-Ohio-4688. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Further, even though there is a preference in the law for deciding matters upon their merits, a court's decision denying a defendant's motion to vacate a default judgment will not be overturned unless it neither comports with the record nor reason. *In re Wiley*, 11th Dist. Lake No. 2007-P-0013, 2007-Ohio-7123, ¶ 17.

{¶9} In the instant case, Sullivan-Busman moved to vacate the default judgment based on lack of personal jurisdiction asserting that he vacated the rental property on February 4, 2010, never received the complaint or summons, and only became aware of the action on December 2, 2010, when he was reviewing his credit report.

{¶10} It is well accepted that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. Personal jurisdiction may only be acquired by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by an appearance that waives certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure. *Abuhilwa v. O'Brien*, 2d Dist. Montgomery No. 21603, 2007-Ohio-4328, ¶ 14, citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 464 N.E.2d 538 (1984).

{¶11} Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond.

*Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980), citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The plaintiff bears the burden of obtaining proper service on a defendant. *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). Where the plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of non-service. *Carter-Jones Lumber Co. v. Meyers*, 2d Dist. Clark No. 2005 CA 97, 2006-Ohio-5380, ¶ 11.

{¶12} Under Civ.R. 4.1(A), service may be made by certified or express mail, personal service, or residential service. If certified or express mail service is attempted and the envelope "is returned with an endorsement showing that the envelope was unclaimed," the party requesting service must be notified and that party may then request service by ordinary mail. Civ.R. 4.6(D).

> [T]he clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. * * * Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery.

*Id.*

{¶13} Where service of process is not made in accordance with the Rules of Civil Procedure, the trial court lacks jurisdiction to consider the complaint, and any judgment on that complaint is void ab initio. *Chilcote v. Kugelman*, 8th Dist. Cuyahoga No. 98873, 2013-Ohio-1896, citing *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59, 62, 665

N.E.2d 260 (10th Dist.1995). Because a court has the inherent authority to vacate a void judgment, a party who asserts that the trial court lacks personal jurisdiction over him or her due to ineffective service of process need not satisfy the requirements of Civ.R. 60(B). *Id.*, citing *Carter-Jones Lumber Co.* at ¶ 10; *United Home Fed. v. Rhonehouse*, 76 Ohio App.3d 115, 123, 601 N.E.2d 138 (6th Dist.1991). Only lack of proper service must be established. *Id.*

{¶14} Here, as previously mentioned, the municipal court sent the complaint along with the summons to Sullivan-Busman simultaneously by certified and regular mail. The post office returned the certified mail to the clerk's office marked "unclaimed." The regular mail was not returned. In Sullivan-Busman's affidavit attached to the motion to vacate, he averred that he never received service of the complaint.

{¶15} Corley, having not filed a brief in opposition to Sullivan-Busman's motion to vacate, renders Sullivan-Busman's sworn statement uncontroverted. Where a defendant seeking a motion to vacate (a void judgment) makes an uncontradicted sworn statement that he never received service of the complaint, he is entitled to have the judgment against her vacated. *See Rafalski v. Oates*, 17 Ohio App.3d 65, 477 N.E.2d 1212 (8th Dist.1984).

{¶16} We acknowledge the challenges the trial court faces in grappling with the many tenants that are sued for back rents that argue they never received the summons and complaints or other court orders sent to them at the address of the property they vacated. We further acknowledge the frustration the trial court must feel when it encounters a tenant, such as Sullivan-Busman, who moves from a property where he has resided for

more than eight years without making any effort to provide a new address or to have mail held or forwarded.

{¶17} However, we are constrained to find an abuse of discretion in the trial court's denial of Sullivan-Busman's motion to vacate the default judgment. Accordingly, we sustain the second assigned error.

{¶18} Our disposition of the second assigned error renders the remaining error moot. App.R. 12(A)(1)(c).

{¶19} Judgment reversed and remanded for the trial court to vacate the default judgment.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN T. GALLAGHER, J., CONCUR