[Cite as *Timber Top Apts. v. Klinkiewicz*, 2018-Ohio-1608.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| TIMBER TOP APARTMENTS | C.A. No.    28860 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| KAREN KLINKIEWICZ | AKRON MUNICIPAL COURT<br>COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    16 CVG 08970 |

DECISION AND JOURNAL ENTRY

Dated: April 25, 2018

---

HENSAL, Judge.

{¶1} Karen Klinkiewicz appeals from the judgment of the Akron Municipal Court. We affirm.

I.

{¶2} Timber Top Apartments ("Landlord") filed a forcible-entry-and-detainer action against Karen Klinkiewicz ("Tenant") based upon her failure to pay rent for the apartment located at 1879B Moonlit Trail in Akron (the "Premises"). In addition to the cause of action for eviction, Landlord brought a second cause of action for unpaid rent. The docket reflects that the Clerk of Court issued the summons and complaint "via Federal Express, Regular Mail and Bailiff Service[.]" The docket also reflects that service by Federal Express was returned as undeliverable, but there is no indication that service by regular mail was similarly returned. Further, as it relates to service by posting, the record reflects that a bailiff posted the summons and complaint in a "conspicuous place" at the Premises.

{¶3}   A magistrate held a hearing on the matter, which Tenant did not attend. The magistrate determined that Landlord served Tenant with the eviction cause of action via posting, but determined that Landlord had not perfected service relative to the second cause of action (i.e., for unpaid rent). The magistrate recommended that a writ of restitution be issued with respect to the eviction action, and that the second cause of action be transferred to the administrative docket until Landlord perfected service. The trial court adopted the magistrate's decision and subsequently dismissed Landlord's second cause of action for unpaid rent.

{¶4}   Several months later, Tenant filed a common-law motion to vacate the forcible-entry-and-detainer judgment issued against her. Tenant argued that the judgment was void *ab initio* because Landlord failed to properly serve her and, therefore, the trial court lacked personal jurisdiction. In support of her motion, Tenant submitted an affidavit wherein she averred, in part, that she never received a copy of the summons and complaint, that she did not otherwise have notice of the action, and that she only became aware of the action when another landlord denied her rental application based upon the underlying eviction. In response, Landlord argued that it perfected service on its eviction action by both regular mail and posting in accordance with Revised Code Section 1923.06. The trial court agreed, holding that Landlord complied with the statutory requirements for service under Section 1923.06(G)(2) because the Clerk of Court issued the summons and complaint via regular mail, and a bailiff subsequently posted service in a conspicuous place at the Premises. The trial court, therefore, denied Tenant's motion. Tenant has appealed that decision, raising one assignment of error for our review.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED THE TENANT'S MOTION TO VACATE THE JUDGMENT AGAINST HER.

{¶5} In her assignment of error, Tenant argues that the trial court erred when it denied her motion to vacate. We disagree.

{¶6} Section 1923.06 governs service of process for eviction proceedings. It provides, in relevant part, that "[t]he clerk of the court in which a complaint to evict is filed shall mail any summons by ordinary mail * * *." R.C. 1923.06(C). It also provides that, "[i]n addition to this ordinary mail service, the clerk also shall cause service of that process to be completed" under one of three divisions, including division (D). R.C. 1923.06(C)(1) & (2). Division (D) provides that, if the person serving process cannot locate the tenant at the premises, or cannot leave a copy of the summons and complaint with anyone of "suitable age and discretion" at the premises, then the person serving process shall effect service "[b]y posting a copy in a conspicuous place on the subject premises * * *." R.C. 1923.06(D)(2)(a) – (c). If service under both division (C) and (D)(2)(c) is made, then "[s]ervice of process shall be deemed complete * * *." R.C. 1923.06(G)(2).

{¶7} As previously noted, in its decision denying Tenant's motion to vacate, the trial court determined that the requirements for service under Section 1923.06(G)(2) had been met because the Clerk of Court is statutorily required to serve the summons and complaint via regular mail under R.C. 1923.06(C), and because the record reflected that a bailiff posted the summons and complaint in a conspicuous place at the Premises. On appeal, Tenant argues that there is no docket entry indicating that service via regular mail was accomplished. She also argues that,

although the docket indicates that service was posted, there is no indication that it was posted in a conspicuous place. She further argues that her uncontroverted affidavit establishes that she never received service of process, and otherwise had no knowledge of the underlying action before the trial court issued its judgment against her.

{¶8} Tenant's arguments lack merit. Regarding service by regular mail, service "is presumed complete when a certificate of mailing is entered in the record, provided that the ordinary mail envelope is not returned for failure of delivery." *Don Ash Props. v. Dunno*, 10th Dist. Franklin No. 03AP-375, 2003-Ohio-5893, ¶ 11 (addressing service of process in an eviction action). Here, the docket specifically indicates that the clerk issued service by regular mail, and there is nothing in the record indicating that the envelope was returned. Regarding service by posting, the "Return of Service" document in the record indicates that service was posted in a "conspicuous place at the premises[.]" Thus, Tenant's argument that there is no indication that service was posted in a conspicuous place is not supported by the record. Lastly, although she argues that she never received service of process, Section 1923.06(G)(2) provides that service is deemed complete if service is issued via regular mail and posting, which occurred in this case. To the extent that Tenant relies upon the Eighth District's decision in *Corley v. Sullivan-Busman* for the proposition that a tenant is entitled to have a judgment vacated if the tenant submits an uncontroverted affidavit averring that she never received service, that case involved a personal judgment for unpaid rent, not an eviction. 8th Dist. Cuyahoga No. 99420, 2013-Ohio-3909, ¶ 4 ("After presentation of testimony and other evidence, the magistrate granted judgment to [the landlord] in the amount [of] $3,000 for unpaid rent[, and] * * * the trial court adopted and approved the magistrate's decision."). We, therefore, find *Corley* inapplicable under these facts.

{¶9} In light of the foregoing, Tenant's assignment of error is overruled.

III.

**{¶10}** Ms. Klinkiewicz's assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

DEAN KONSTAND, Attorney at Law, for Appellee.