JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Ohio Casualty Insurance Company ("Ohio Casualty"), appeals from the trial court's order that dismissed the claims against defendants-appellees, Latia Robinson ("Latia") and Leslie Robinson ("Leslie") (collectively referred to as the "Robinsons"), pursuant to Civ. R. 4(E). For the reasons that follow, we reverse and remand for further proceedings.
 {¶ 2} On July 17, 2007, Ohio Casualty filed subrogation claims for payments it had made concerning property damage caused by a fire. Ohio Casualty maintained that the Robinsons negligently caused the fire. Ohio Casualty attempted to serve each defendant by certified mail, which were both returned as "unclaimed." Ohio Casualty then attempted service on each defendant by ordinary mail. Service was perfected on Latia effective September 25, 2007. Ordinary mail service to Leslie, however, was returned as "not deliverable." Ohio Casualty then requested certified mail service to Leslie at a different address, which was returned as "not deliverable as addressed — unable to forward." Ohio Casualty then attempted to serve Leslie by certified mail at a third address, which was returned as "addressee unknown."
 {¶ 3} In the interim, the trial court had issued an order on October 2, 2007, providing that service shall be perfected on or before January 17, 2008 or the case would be dismissed under Civ. R. 4(E). On November 5, 2007, Ohio Casualty moved for a default judgment against Latia, who had not answered or otherwise responded to the complaint. Ohio Casualty also continued its efforts to perfect service on Leslie *Page 2 
and submitted a memorandum in response to the court's Civ. R. 4(E) notice on January 15, 2008. Ohio Casualty detailed its numerous efforts to obtain service on Leslie and indicated that it had "conducted an Accurint search on Defendant" to determine her whereabouts, all of which proved unsuccessful. Ohio Casualty further indicated that it was in the process of serving Leslie by publication but could not complete such service by the January deadline.
 {¶ 4} On January 18, 2008, the trial court dismissed the entire case. The affidavit for service by publication was filed on January 23, 2008.
 {¶ 5} Plaintiff now appeals assigning four assignments of error, which will be addressed together and out of order where appropriate.
 {¶ 6} "II. Civ. R. 4(E) does not apply to a party who has been served within six months of filing a complaint.
 {¶ 7} "III. Good cause existed as to why appellee Leslie Robinson was not served within six moths [sic]."
 {¶ 8} Service of process is governed by Civ. R. 3(A), which directs that service be obtained within one year of filing the complaint. Civ. R. 3(A) is to be read in conjunction with Civ. R. 4(E), which allows the court to enter a dismissal without prejudice within six months of filing the complaint under specified circumstances. Thomas v. Freeman (1997),79 Ohio St.3d 221, 227. *Page 3 
 {¶ 9} The trial court dismissed the action pursuant to Civ. R. 4(E), which provides: "If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."
 {¶ 10} The record established that Ohio Casualty perfected service on Latia. A dismissal under Civ. R. 4(E) is clearly limited to those defendants upon whom service has not been made within six months of filing the complaint. Accordingly, the second assignment of error is sustained and the dismissal of Ohio Casualty's claims against Latia is reversed.
 {¶ 11} Civ. R. 4(E) further provides that dismissal is warranted under Civ. R. 4(E) only when a plaintiff "cannot show good cause why such service was not made" within the six-month period. This Court adheres to the principle that "a dismissal pursuant to Civ. R. 4(E) is to be applied only when a plaintiff is negligent in obtaining service upon the defendant. Further, Civ. R. 4(E) `* * * is directed toward clearing the docket of those non-diligent plaintiffs who neglect to follow-up, in-state process when original in-state service of process fails.'"Ambrose v. Advanced Wireless Cellular Comm. Inc., Cuyahoga App. No. 88110, 2007-Ohio-988, ¶ 9, quoting Harrell v. Guest (1986),33 Ohio App.3d 163, 164-165. In this case, Ohio Casualty made numerous *Page 4 
attempts at service and cannot be considered negligent in its efforts to obtain service upon Leslie. Accordingly, the third assignment of error is sustained.
 {¶ 12} "I. Appellants have a right to have their motion for default judgment heard and decided.
 {¶ 13} "IV. A dismissal pursuant to Civil Rule 4(E) is without prejudice."
 {¶ 14} The disposition of the preceding assignments of error render these errors moot and we decline to address them pursuant to App. R. 12(A)(1)(c).
Judgment reversed and cause remanded for further proceedings.
It is ordered that appellant recover from appellees its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 5 
It is ordered that a special mandate issue out of this Court directing the
Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1