[Cite as *Banyan Living Ohio v. Vourliotis*, 2025-Ohio-2361.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BANYAN LIVING OHIO, LLC,  :

    Plaintiff-Appellee,  :

                            No. 114238

    v.  :

MARIANTHIE VOURLIOTIS, ET AL.,  :

    Defendants-Appellants.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** July 3, 2025

---

Civil Appeal from the Parma Municipal Court
Case No. 22CVG03455

---

### *Appearances:*

Powers Friedman Linn, PLL, and Rachel E. Cohen, *for appellee*.

The Legal Aid Society of Cleveland, Nadia L. Haile, and Elizabeth A. Zak, *for appellant* Marianthie Vourliotis.

MARY J. BOYLE, J.:

{¶ 1} In this appeal, defendant-appellant, Marianthie Vourliotis ("Vourliotis"), challenges the Parma Municipal Court's judgment granting default judgment in favor of plaintiff-appellee, Banyan Living Ohio, LLC ("Banyan"), resulting from Banyan's forcible entry and detainer action against Vourliotis.

Vourliotis claims that Banyan failed to timely perfect service on her and the court erred when it granted Banyan's default judgment, rather than dismissing Banyan's complaint. For the reasons set forth below, we reverse and remand to the municipal court with instructions to vacate the default judgment.

## I. Facts and Procedural History

{¶ 2} On August 30, 2022, Banyan filed a forcible entry and detainer and money damages complaint against Vourliotis and James Vourliotis ("James") for the nonpayment of rent based upon their written lease agreement. According to Banyan's complaint, Vourliotis and James leased an apartment in North Royalton, Ohio from Banyan for $1,044 per month and owed $3,578.08 in back rent and other charges. Banyan's complaint included two causes of action — forcible entry and detainer (Count 1) and money damages (Count 2).[1] Banyan attempted to serve Vourliotis on Count 1 by personal bailiff service and certified mail to the apartment. According to the docket, service on this cause of action was perfected on September 8, 2022, by the bailiff, who left the summons and accompanying documents "in apt door." (Instructions for Service, Sept. 8, 2022.) Service on Vourliotis via certified mail on Count 1 was returned on September 5, 2022, as "refused unable to forward." Service on James via certified mail on Count 1 was returned on September 22, 2022, as "refused."

---

[1] While the complaint also lists James as a defendant, this appeal is by Vourliotis and we will address the facts as they relate to her appeal.

**{¶ 3}** On September 23, 2022, counsel for Vourliotis entered a notice of appearance with the court. The matter was then set for a hearing before the magistrate on October 3, 2022, which Vourliotis and her attorney attended. Following the conclusion of the hearing, the magistrate issued a writ of restitution, ordering Vourliotis to vacate the premises on or before October 30, 2022. The magistrate also issued a decision on Count 2, finding that the "[s]econd claim for relief passed for answer due date." (Magistrate's Decision, Oct. 3, 2022.) The next day, the court adopted the magistrate's decision ordering a writ of restitution and passing Count 2 for "Service and/or an answer due date." (Journal Entry, Oct. 4, 2022.) Service on Vourliotis and James for the writ of restitution was perfected via the bailiff on October 19, 2022.

**{¶ 4}** On November 30, 2022, the docket reveals that Banyan attempted to reissue service via certified mail on James to his address in Brunswick. Service on James at this address was perfected on December 3, 2022, with an answer date of December 31, 2022. Banyan then filed a motion for default judgment against James only on February 23, 2023. The court granted default judgment against James on February 24, 2024. We note the judgment entry reflects that the magistrate signed this entry with the initials "AJ" following the magistrate's name.

**{¶ 5}** A review of the docket then reveals no activity by the court, Banyan, or Vourliotis until April 25, 2024, when Banyan filed instructions to reissue service of its August 2022 complaint by certified mail to Vourliotis at her address in Wadsworth. Despite Banyan's instructions, however, the court issued the

summons and Banyan's August 2022 complaint to Vourliotis's counsel at The Legal Aid Society in Cleveland. The docket then indicates that service via certified mail was perfected on May 2, 2024, and the answer was due in May 30, 2024.

{¶ 6} On June 11, 2024, new counsel of record entered an appearance for Vourliotis and filed a motion for leave to file an answer, stating that "there has been no further movement by the Court since October 2022" and a summons for Banyan's "Second Cause of Action was sent to The Legal Aid Society of Cleveland . . . on April 25, 2024." The motion further states that Vourliotis "has not been served with a Summons and was not aware of the Summons upon hearing from Legal Aid. Without waiving any defenses as to service or personal jurisdiction, [Vourliotis] understands she must file an Answer to prevent the Court from ordering default judgment against her." (Motion for leave to file answer, June 11, 2024.) We note the docket indicates, with respect to this motion, that the "[Judge] initialed the motion." It is unclear what this means.

{¶ 7} Then on June 24, 2024, Banyan filed a motion for default judgment against Vourliotis in the amount of $5,797.37. In its brief in support, Banyan alleges that Vourliotis was duly served with the August 2022 complaint and has not responded to the complaint within 28 days as required by the Ohio Rules of Civil Procedure. The court granted Banyan's motion on June 25, 2024, awarding Banyan $5,797.37 in damages, plus 3% interest from June 25, 2024.

{¶ 8} On July 15, 2024 (motion timestamped 7/15, docket says 7/16), Vourliotis filed a motion to vacate the judgment under Civ.R. 60(B). Vourliotis

alleges that she never received the April 2024 summons via certified mail because it was sent to her attorney in Cleveland. She further alleges that she was never served, by any other means, at her Wadsworth address. She only learned that Banyan was pursuing Count 2 against her after being contacted by The Legal Aid Society of Cleveland.

{¶ 9} On July 24, 2024, Vourliotis filed her notice of appeal to this court. The municipal court did not rule on her motion to vacate the judgment prior to her appeal. Following her appeal, the docket indicates that the magistrate granted her motion to vacate on August 5, 2024. In response to the magistrate's ruling, Banyan filed a motion to strike this order, arguing that the municipal court lacked jurisdiction to rule on the matter once the appeal was filed. This court, in February 2025, sua sponte, remanded the matter for the municipal court to rule on Vourliotis's motion to vacate judgment. While on remand, Banyan filed a brief in opposition to the motion to vacate judgment and the magistrate, who appeared to be in the capacity as acting judge, overruled Vourliotis's motion on February 20, 2025. Vourliotis objected to this decision, arguing that Banyan never effected service on Count 2 and the court has not obtained personal jurisdiction over her. Banyan filed a response to Vourliotis's objections, and the court issued an order, signed by the judge, stating:

> After consideration of [Banyan's] Brief in Opposition, this Court strikes its March 13, 2025 entry flowing from [Vourliotis]'s second set of filed Objections, which must be considered as a motion for reconsideration.

[Vourliotis] Objections have already been ruled and passed upon by [the acting judge].

(Order, Mar. 18, 2025.)

{¶ 10} The matter is now before us for review of the following two assignments of error raised by Vourliotis, which shall be addressed out of order for ease of discussion:

> **Assignment of Error I:** The trial court committed reversible error in granting the June 25, 2024 default judgment against [Vourliotis], as the trial court was required to dismiss Banyan's complaint after Banyan did not timely perfect service on her.

> **Assignment of Error II:** The trial court committed reversible error in granting the June 25, 2024 default judgment against [Vourliotis], as Banyan had not perfected service on her.

## II.  Law and Analysis

{¶ 11}  As an initial matter, both parties agree that this appeal only addresses the service issue raised by Vourliotis as it relates to Banyan's motion for default judgment.  This appeal does not address Vourliotis's Civ. R. 60(B) motion to vacate judgment.

{¶ 12}  In Vourliotis's second assignment of error, she argues that the court committed reversible error when it granted default judgment against her because Banyan failed to obtain proper service, which rendered the municipal court without personal jurisdiction over her and the default judgment void.  Banyan argues that Vourliotis voluntarily submitted to the jurisdiction of the municipal court when she appeared personally, and by and through counsel, at the eviction hearing and waived the affirmative defense of insufficiency of service of process by failing to object to

the court's personal jurisdiction when she first appeared in the case. We find Vourliotis's argument more persuasive.

**{¶ 13}** "We review the trial court's judgment regarding the validity of service for an abuse of discretion." *Midland Funding, L.L.C. v. Cherrier*, 2020-Ohio-3280, ¶ 13 (8th Dist.), citing *GGNSC Lima, L.L.C., v. LMOP, L.L.C.*, 2018-Ohio-1298, ¶ 15 (8th Dist.). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

**{¶ 14}** In the instant case, based on our review of the record, we find that the court abused its discretion when it granted Banyan's motion for default judgment because Banyan never perfected service on Vourliotis on Count 2 and Vourliotis never waived service under the civil rules of procedure. Indeed, "[a] trial court cannot render judgment against a defendant over whom it has no personal jurisdiction." *Midland Funding* at ¶ 9. "[T]o enter a valid judgment, a court must have personal jurisdiction over the defendant." *Mayfran Internatl., Inc. v. Eco-Modity, L.L.C.*, 2019-Ohio-4350 ¶ 9 (8th Dist.), citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). A judgment rendered without personal jurisdiction is void. *GGNSC Lima, L.L.C.* at ¶ 14, citing *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph three of the syllabus. "A court acquires personal jurisdiction over a party in one of three ways (1) proper and effective service of process, (2) voluntary appearance by the party, or (3) limited acts by the party or his counsel that

involuntarily submit him to the court's jurisdiction." *GGNSC Lima* at ¶ 14, citing *Austin v. Payne*, 107 Ohio App.3d 818, 821 (9th Dist. 1995), citing *Maryhew* at 156.

{¶ 15} We are mindful that service of process "must be made in a manner reasonably calculated to apprise the defendant of the action and to afford him an opportunity to respond." *Midland* at ¶ 11, citing *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406 (1980). As it relates to the instant case, Civ.R. 4.1(A)(1)(a) provides that a plaintiff may obtain service by U.S. certified or express mail or by a commercial carrier service. Service is not perfected under either instance unless a receipt is signed. Civ.R. 4.1(A)(1)(a)-(b). A plaintiff may also obtain service by personal service, in municipal court, via a bailiff who tenders a copy of the process and accompanying documents to the person to be served. Civ.R. 4.1(B)(1)-(2). When service of the complaint is returned "refused," the plaintiff party may attempt to serve the defendant by ordinary mail. Civ.R. 4.6. Service by ordinary mail is deemed complete when "the fact of mailing is entered of record." Additionally, Civ.R. 4.2 limits "who may be served" pursuant to Civ.R. 4 through 4.6. With limited exceptions, service on an individual must be obtained by serving that individual. These exceptions include service by publication (Civ.R. 4.4) or service at the usual place of residence (Civ.R. 4.1(C)(2)(a)), and unless incompetent, incarcerated, or under 16 years of age, service upon an individual may only be perfected "by serving the individual." Civ.R. 4.2(A)-(E). Service upon an agent authorized by appointment of law is appropriate only for corporations, companies, and other entities. Civ.R. 4.2(F)-(J).

{¶ 16} It is the plaintiff's burden to obtain proper service on a defendant. *Midland,* 2020-Ohio-3280, at ¶ 12 (8th Dist.), citing *Cincinnati Ins. Co. v. Emge,* 124 Ohio App.3d 61, 63 (1st Dist. 1997). As the Ohio Supreme Court in *Ackman v. Mercy Health W. Hosp., L.L.C.,* 2024-Ohio-3159, stated: "'The obligation is upon plaintiffs to perfect service of process; defendants have no duty to assist them in fulfilling this obligation.'" *Id.* at ¶ 15, quoting *Gliozzo v. Univ. Urologists of Cleveland, Inc.,* 2007-Ohio-3762, ¶ 16; *see also Haley v. Hanna,* 93 Ohio St. 49, 52, (1915) (finding that the defendant's awareness of the proceedings did not impart on him an obligation to inform the court or plaintiff of defective service and that the defendant's failure to raise the issue did not constitute a waiver of the service defenses). And when the plaintiff follows the civil rules, "courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice." *Id.,* citing *Hook v. Collins,* 2017-Ohio-976, ¶ 14 (8th Dist.), citing *Carter-Jones Lumber Co. v. Meyers,* 2006-Ohio-5380, ¶ 11 (2d Dist.).

{¶ 17} Here, there is nothing in the record to indicate that Vourliotis's appearance at her 2022 forcible entry and detainer hearing constituted a waiver of service on Count 2. Rather, the magistrate's decision passed Count 2 for an answer due date and the court's journal entry adopting the magistrate's decision also stated that Count 2 is "passed for Service and/or answer due date." (Journal Entry, Oct. 4. 2022.) Following the eviction hearing, no answer date was ever set for Vourliotis on Count 2. Whereas, the docket reveals that when service by certified mail was perfected on James, the docket included an answer date of December 12, 2022, and

Banyan only sought default judgment against James in February 2023. Based on these entries, it is only reasonable to conclude that service on Count 2 was not perfected at this time.

{¶ 18} The case was then stagnant against Vourliotis until April 2024, when Banyan filed instructions for service by certified mail to Vourliotis at an address in Wadsworth. According to the docket, however, the court sent the summons to Vourliotis's attorney at The Legal Aid office in Cleveland instead. Banyan's attempt to reissue of service, at this time, appears to be its acknowledgment that it had yet to perfect service on Vourliotis. In addition, sending the summons to Vourliotis's attorney does not constitute service under the civil rules of procedure under the facts of this case.

{¶ 19} This court has previously stated that service of plaintiff's complaint to defendant's counsel insufficient. *Gooch v. Toth*, 1997 Ohio App. LEXIS 1054, *5 (8th Dist. Mar. 20, 1997.) ("'In Ohio it is not the defendant's job to assist the plaintiff in perfecting service of process upon the defendant. It is plaintiff's burden to be sure that proper service is accomplished * * *.'"), quoting *Bell v. Midwestern Educational Servs.*, 89 Ohio App.3d 193, 204 (2d Dist. 1993).

{¶ 20} We note that trial courts have the inherent authority to vacate a void judgment and a party asserting lack of jurisdiction due to lack of service does not need to meet the requirements of Civ.R. 60(B). *GGNSC Lima, L.L.C.*, 2018-Ohio-1298, at ¶ 15 (8th Dist.), citing *Patton,* 35 Ohio St.3d 68, at paragraph four of the syllabus (The authority to vacate a void judgment is an inherent power of the court

and is not derivative of Civ.R. 60(B).); *Khatib v. Peters*, 2017-Ohio-95, ¶ 30 (8th Dist.). "Thus, a default judgment rendered by a court without obtaining service over the defendant is void and the defendant is entitled to vacation of the judgment." *Khatib* at ¶ 30, citing *Broadvox, LLC v. Oreste*, 2009-Ohio-3466, ¶ 12 (8th Dist.).

{¶ 21} In light of the unique facts and circumstances of this case, we find that the municipal court's default judgment is void. Vourliotis "is entitled to have the judgment vacated and the case reopened." *Continuum Transp. Servs., Ltd. v. Elite Internatl. Corp., LLC*, 2024-Ohio-340, ¶ 9 (8th Dist.), citing *Adams v. McElroy*, 2018-Ohio-89, ¶ 12-15 (8th Dist.), citing *Broadvox* at ¶ 12.

{¶ 22} Therefore, the second assignment of error is sustained. The matter is remanded with instructions for the municipal court to vacate the default judgment granted against Vourliotis.

{¶ 23} In the first assignment of error, Vourliotis argues the court committed reversible error when it granted default judgment against her because Banyan did not timely perfect service on Count 2. Therefore, Vourliotis contends that the court should have dismissed Banyan's complaint. Banyan argues that the court was under no obligation to dismiss its complaint because the issue of whether Vourliotis properly rebutted the presumption of valid service was not argued by Vourliotis below. We find Banyan's argument more persuasive.

{¶ 24} Vourliotis argues that the court should have dismissed Banyan's complaint under Civ.R. 4(E).[2] We decline to address this argument for the first time on appeal. In the matter before us, Vourliotis filed a motion for leave to file an answer. The docket reveals that while the judge "initialed the motion," this motion was never granted by the court and, as a result, Vourliotis did not file an answer alleging the affirmative defenses of lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process, before the court ruled on Banyan's default judgment motion.

{¶ 25} It is well-established that arguments not raised in the trial court may not be raised for the first time on appeal. *Lycan v. Cleveland*, 2019-Ohio-3510, ¶ 32 (8th Dist.) ("[A]rguments raised for the first time on appeal are generally barred and a reviewing court will not consider issues that the appellant failed to raise in the trial court."), citing *Cawley JV, L.L.C. v. Wall St. Recycling L.L.C.*, 2015-Ohio-1846 ¶ 17 (8th Dist.); *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43 (1975); *Shadd v. Cleveland Civ. Serv. Comm.*, 2019-Ohio-1996, ¶ 27 (8th Dist.) ("Appellants cannot raise an issue for the first time on appeal that they did not raise to the trial court."), citing *Gardi v. Bd. of Edn.*, 2013-Ohio-3436, ¶ 27 (8th Dist.), citing *State ex rel. Quarto Mining Co. v. Foreman*, 1997-Ohio-71.) """Such arguments are barred by

---

[2] Civ.R. 4(E) provides the time limit within which service must be obtained in order to avoid dismissal of the complaint and states, in pertinent part: "If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

the doctrine of waiver for failure to raise these arguments before the trial court.'""" *Cawley JV* at ¶ 17, quoting *Hollish v. Maners*, 2011-Ohio-4823, ¶ 44 (5th Dist.), quoting *Carrico v. Drake Constr.*, 2006-Ohio-3138, ¶ 37 (5th Dist.). Because Vourliotis did not raise this before the municipal court, her arguments regarding this issue are not properly before this court and we decline to address them.

{¶ 26} Therefore, the first assignment is overruled.

{¶ 27} Accordingly, judgment is reversed and the matter is remanded with instructions for the municipal court to vacate the default judgment granted against Vourliotis on June 25, 2024.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
DEENA R. CALABRESE, J., CONCUR