[Cite as *SPP Properties, L.L.C. v. Jones*, 2025-Ohio-4375.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

SPP PROPERTIES, L.L.C.,                   :

    Plaintiff-Appellee,            :

                                           No.  114740

    v.                             :

BRIANNA JONES,                            :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  September 18, 2025

---

Civil Appeal from Parma Municipal Court
Case No. 22CVG05098

---

### *Appearances:*

Powers Friedman Linn, P.L.L., and Rachel E. Cohen, *for appellee*.

The Legal Aid Society of Cleveland, Morgan R. Mackay, and Maria A. Smith, *for appellant*.

---

EMANUELLA D. GROVES, J.:

{¶ 1} This appeal stems from a forcible entry and detainer action with a claim for money damages.  Defendant-appellant Brianna Jones ("Jones") appeals various issues and rulings related to plaintiff-appellee SPP Properties, LLC's ("SPP Properties") money-damages claim, including its denial of her motion to quash

service and dismiss its complaint.  Upon review, we find that service was not perfected on SPP Properties' second cause of action for money damages, reverse the denial of Jones' motion to quash service and dismiss the complaint, and remand the matter to the trial court to vacate the judgments granted against Jones and dismiss SPP Properties' money-damages claim.

## I.  Facts and Procedural History

{¶ 2}  The following facts and procedural history are limited to those relevant to the determination of this appeal.  On December 27, 2022, SPP Properties filed a two-count complaint against Jones.  Count 1 set forth a claim for forcible entry and detainer while Count 2 set forth a claim for money damages.  The complaint asserted that SPP Properties was the landlord of an apartment complex located in Parma.  Jones entered a written lease agreement with SPP Properties and was a tenant.  The complaint alleged that Jones failed to pay rent and other contractual charges, was served with a three-day notice under R.C. 1923.04, and unlawfully and forcibly detained possession of the premises from SPP Properties.  The complaint further alleged that Jones owed SPP Properties $1,100.35; additional rent and other contractual charges until her lease agreement expired or the apartment was re-rented, whichever occurred first; and potential damages, which would be determined when Jones vacated the premises.

{¶ 3}  A hearing on SPP Properties' forcible entry and detainer claim was set for January 23, 2023.  A deputy bailiff served the complaint, notice of hearing, and

summons by leaving it at Jones' mailbox on January 6, 2023. Service was also issued to Jones via certified mail.

{¶ 4} After the January 23, 2023 hearing, a magistrate's decision was issued finding the allegations of the forcible entry and detainer claim to be true and recommending that judgment be rendered in SPP Properties' favor. A writ of restitution was to be issued, and Jones was to vacate the premises on or before February 26, 2023. A notice of appearance of counsel was subsequently filed by Jones' attorney.

{¶ 5} On January 24, 2023, the certified mail service issued by the clerk to Jones was returned unclaimed. That same day a journal entry was issued accepting, approving, and adopting the magistrate's decision. The journal entry stated, "Second cause of action is passed for service and/or answer due date."

{¶ 6} On January 31, 2023, a notice of failure of service was sent to SPP Properties by the clerk along with a request for service to be signed and returned to the court. Nearly one year later, on January 2, 2024, instructions for certified-mail service were filed by SPP Properties directing the clerk to serve Jones at a residential address in Cleveland, Ohio 44126. However, the summons generated from the instructions for service listed Jones' attorney and the attorney's address. A docket entry on January 4, 2024 indicated that service via certified mail was issued to Jones and included a receipt number. On January 18, 2024, a docket entry stated that the certified-mail service issued to Jones was perfected. The docket entries did not

indicate the delivery address or recipient. Nor was the return receipt included in the record.

{¶ 7} In response, Jones filed a motion to quash service of process and dismiss SPP Properties' complaint. Jones argued that the Ohio Rules of Civil Procedure do not allow service of a summons and complaint upon a party through their attorney. Jones further argued that the request for service was made well beyond the six-month deadline for service prescribed by Civ.R. 4(E). Jones concluded that the trial court had "a responsibility to dismiss this stale action" under the rule.

{¶ 8} SPP Properties opposed the motion, countering that it did not request for service to be issued to Jones' attorney, and it was unknown why copies of the summons and complaint were delivered to a post office box in Cleveland, Ohio 44101 or to Jones' counsel. SPP Properties further countered that it could establish good cause as to why service was not perfected within six months, as required by Civ.R. 4(E). SPP Properties claimed that it was unable to locate a new address for Jones after she vacated the apartment involved in the forcible entry and detainer claim. SPP Properties alleged that it conducted extensive skip trace efforts once a month through December 2023, when a new address was finally located for Jones. SPP Properties claimed that this new address prompted it to file the instructions for service in January 2024. SPP Properties' instructions for service and the USPS tracking sheet associated with the certified-mail service were attached to the brief in

opposition as exhibits. The trial court issued a journal entry overruling Jones' motion to quash service of process and dismiss the complaint.

{¶ 9} Jones filed a motion to set aside this ruling arguing, in relevant part, that service on SPP Properties' second-cause of action for money damages had not been perfected. Jones asserted that SPP Properties' attempted service in January 2024 failed to comply with Civ.R. 4 because (1) service was issued to an unknown address based on SPP Properties' own admission and the trial court's records; (2) certified-mail service to Jones' counsel was not proper service; and (3) SPP Properties had not demonstrated good cause sufficient to warrant an extension of Civ.R. 4(E)'s service deadline. Jones noted that SPP Properties filed instructions for service over a year after the complaint's filing without attempting to re-issue service while Jones resided at their apartment, to any other address after she was evicted, or by publication. Jones further noted that SPP Properties never sought an extension of time to perfect service or offered any evidentiary material to justify an extension. SPP Properties opposed the motion to set aside arguing that it should be stricken from the record. A journal entry was issued overruling Jones' motion to set aside.

{¶ 10} Jones subsequently filed an answer to the complaint and counterclaims for violations of R.C. 5321.04, breach of contract, and negligence per se. Therein, Jones included several affirmative defenses, including improper service of the complaint. Jones stated that she "preserve[d] her claims" that (1) SPP Properties failed to serve the complaint pursuant to the requirements of Civ.R. 4,

and (2) the second cause of action should be dismissed since service was not perfected within six months of the complaint's filing, as required by Civ.R. 4(E). SPP Properties filed an answer to Jones' counterclaim but never re-issued service of the complaint despite Jones' contentions.

{¶ 11} A pretrial was held and a litigation schedule was set, establishing a discovery-cutoff date, a dispositive-motion deadline, and bench-trial date. Based on this schedule, SPP Properties filed a motion for summary judgment. Jones filed a brief in opposition to the motion asserting, amongst other arguments, that SPP Properties was not entitled to judgment because she was not properly served. SPP Properties filed a reply in support. The trial court subsequently issued a journal entry granting SPP Properties' motion for summary judgment in part and requesting that the parties brief three remaining issues.

{¶ 12} After reviewing the parties' supplemental briefs, the trial court issued a journal entry concluding that no genuine issues of material fact remained, SPP Properties was entitled to judgment as a matter of law, and reasonable minds could come but to one conclusion adverse to Jones. The trial court denied Jones' counterclaims and entered judgments for SPP Properties, including damages in the amount of $3,404.22, plus interest and costs.

{¶ 13} Jones appeals, raising five assignments of error for review.

**Assignment of Error No. 1**

The trial court erred when it denied [Jones'] motion to quash service of the complaint and dismiss the complaint.

**Assignment of Error No. 2**

The trial court erred when it denied [Jones'] motion to set aside.

**Assignment of Error No. 3**

The trial court violated Ohio Const. art. IV, § 6(B) and R.C. 1901.12 when the "Acting Judge" and "Magistrate" were the same person ruling on [Jones'] motion to quash service of the summons and complaint.

**Assignment of Error No. 4**

The trial court erred in granting summary judgment in favor of SPP Properties when there were genuine issues of material fact relative to [Jones'] affirmative defenses and counterclaims.

**Assignment of Error No. 5**

The trial court committed reversible error when it denied [Jones'] motion to extend the discovery period because SPP Properties had failed to produce invoices related to mice extermination in response to Jones' request for production of documents.

Because we find that the service issues raised in Jones' first assignment of error determine the outcome of this appeal, we need not consider the other four.

## II. Law and Analysis

{¶ 14} In her first assignment of error, Jones argues that the trial court erred when it denied her motion to quash service and dismiss the complaint. Jones concedes that SPP Properties perfected service on its forcible entry and detainer claim under R.C. 1923.06: the bailiff left the complaint, notice of hearing, and summons at Jones' mailbox, thereby posting a copy in a conspicuous place on the subject premises pursuant to R.C. 1923.06(D)(2)(c). However, Jones asserts that SPP Properties failed to perfect service on its money-damages claim under Civ.R. 4

through 4.6 and, therefore, failed to commence its second cause of action. As a result, Jones argues that dismissal was required under Civ.R. 4(E) and the trial court could not enter a judgment against her since personal jurisdiction over Jones was never obtained.

{¶ 15} We begin our analysis by determining the applicable standard of review, noting the distinction between abuse of discretion and misapplication of law. Courts do not have discretion to misapply the law. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 38. The Ohio Supreme Court explained, "A court has discretion to settle factual disputes or to manage its docket, for example, but it does not have discretion to apply the law incorrectly." *Id.* Thus, "courts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule." *Id.* at ¶ 39.

{¶ 16} Next, we emphasize that that the duty to perfect service lies with the serving party and not the party being served. This principle is codified in Civ.R. 4.6(E), which states: "The attorney of record or the serving party shall be responsible for determining if service has been made and shall timely file written instructions with the clerk regarding completion of service . . . ." The Ohio Supreme Court also made clear that "'[t]he obligation is upon plaintiffs to perfect service of process; defendants have no duty to assist them in fulfilling this obligation.'" *Ackman v. Mercy Health W. Hosp., L.L.C.*, 2024-Ohio-3159, ¶ 15, citing *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 2007-Ohio-3762, ¶ 16.

{¶ 17} We also highlight the importance of proper service. "Absent waiver, proper service of process is a prerequisite for personal jurisdiction." *Kerby v. Zerick*, 2024-Ohio-5665, ¶ 15 (10th Dist.), citing *Williams v. Gray Guy Group, L.L.C.*, 2016-Ohio-8499, ¶ 18 (10th Dist.). Without proper service, a trial court lacks personal jurisdiction over the defendant and cannot enter a valid judgment against them. *Id.* at ¶ 14. Indeed, it is well-established that "[a] judgment rendered without personal jurisdiction is void." *Banyan Living Ohio, LLC v. Vourliotis,* 2025-Ohio-2361, ¶ 14 (8th Dist.), citing *GGNSC Lima, L.L.C., v. LMOP, L.L.C.*, 2018-Ohio-1298, ¶ 14 (8th Dist.), citing *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph three of the syllabus; *Midland Funding, L.L.C.*, 2020-Ohio-3280, at ¶ 9.

{¶ 18} We now turn to the applicable rules and procedural requirements controlling service in this case. While R.C. 1923.06 governs service of process in forcible entry and detainer actions, the statute does not nullify the service requirements established by the Ohio Rules of Civil Procedure for other claims raised therein. *See* Civ.R. 1 (specifying that the civil rules prescribe the procedure to be followed in all Ohio courts in the exercise of civil jurisdiction at law or in equity with some exceptions, including forcible entry and detainer procedure); *Showe Mgt. Corp. v. Cunningham*, 2011-Ohio-432, 944 N.E.2d 1234, ¶ 4 (10th Dist.) (holding that service of process in forcible entry and detainer actions are governed by R.C. 1923.06 while service of process for monetary claims are governed by the Ohio Rules of Civil Procedure); *Timber Top Apts. v. Klinkiewicz*, 2018-Ohio-1608, ¶ 3 (9th Dist.) (noting that the trial court determined that a landlord successfully served

a tenant with an eviction cause of action via posting but had not perfected service on a second cause of action for unpaid rent). Therefore, when a forcible entry and detainer action is coupled with additional causes of action — e.g., claims for money damages — service of process must also be obtained pursuant to the Ohio Rules of Civil Procedure.

{¶ 19} Civ.R. 4.1 establishes three methods of obtaining in-state service of process: (1) service by clerk, (2) personal service, and (3) residence service. Service by clerk may be accomplished via certified mail, amongst other delivery methods, and must be evidenced by a return receipt signed by any person accepting delivery. Civ.R. 4.1(A)(1). In instances of certified-mail service, the clerk must

> "deliver a copy of documents to be served to the United States Postal Service [("USPS")] for mailing at the address set forth in the caption or at the address set forth in the written instructions furnished to the clerk as certified . . . mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered and the delivery date and address."

Civ.R. 4.1(A)(1). The clerk must also enter certain entries on the appearance docket indicating delivery to USPS for mailing, when the return receipt is received, and delivery failures. Civ.R. 4.1(A)(2). When certified mail is returned unclaimed, the clerk must notify the attorney of record, enter the fact and method of notification on the docket, and reissue service via ordinary-mail *if* the attorney subsequently files a written request for ordinary-mail service. Civ.R. 4.6(D). Service is deemed complete when the fact of mailing is docketed, so long as the ordinary-mail envelope is not returned with a failed-delivery endorsement. *Id.* The clerk must "file the

return receipt or returned envelope in the records of the action." Civ.R. 4.1(A)(2). While a rebuttable presumption of proper service arises where a plaintiff complies with the civil rules and a signed receipt is returned, that presumption applies only when the docket reflects that the return receipt was received and the signed returned receipt is filed in the record by the clerk. *Kerby*, 2024-Ohio-5665, at ¶ 13, (10th Dist.), citing *Boggs v. Denmead*, 2018-Ohio-2408, ¶ 8, 23-24 (10th Dist.).

{¶ 20} Alternatively, personal and residence service must be made by a civil process server, e.g., a municipal court's bailiff. Civ.R. 4.1(B)(1)-(C)(1). In instances of residence service, "[t]he person serving process shall effect service by leaving a copy of the process and complaint, or other document to be served, at the usual place of residence of the person to be served with some person of suitable age and discretion then residing therein." Civ.R. 4.1(C)(2)(a). If a defendant's residence is unknown or service cannot be otherwise be effected under Civ.R. 4.1, Civ.R. 4.4 provides that service may be perfected by publication.

{¶ 21} Civ.R. 4.2 establishes who may be served. With limited exceptions, service of process must be made "upon an individual, other than a person under sixteen years of age or an incompetent person, by serving the individual." Civ.R.4.2(A). Serving authorized agents or other specifically-designated representatives is only permitted when service of process is made upon persons under 16, incompetent persons, corporations, limited liability companies, partnerships, unincorporated or professional associations, or governmental entities. Civ.R. 4.2 (B)-(O). It is well-established that service upon a defendant's counsel is

insufficient to perfect service of process upon that defendant. *Banyan Living Ohio, LLC*, 2025-Ohio-2361, at ¶ 19 (8th Dist.), citing *Gooch v. Toth*, 1997 Ohio App. LEXIS 1054, *5 (8th Dist. Mar. 20, 1997); *Fay v. Blair*, 2001-Ohio-3501, ¶ 3 (7th Dist.) ("Nowhere do the rules allow service of process upon an individual's attorney").

{¶ 22} Finally, we discuss service deadlines and the potential repercussions of noncompliance. Civ.R. 3(A) establishes that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant . . . ." Dismissal of the complaint is appropriate when service is not perfected under Civ.R. 3(A) within a year of the complaint's filing. *Kerby*, 2024-Ohio-5665, at ¶ 12 (10th Dist.), citing *Boggs*, 2018-Ohio-2408, at ¶ 22 (10th Dist.), citing *McAbee v. Merryman*, 2013-Ohio-5291, ¶ 16 (7th Dist.). Civ.R. 4(E) further provides:

> If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

The rule "'is intended to apply to those situations where there is no service and where the plaintiff has been dilatory in attempting to obtain service on a defendant.'" *C.L.A. v. D.P.M.*, 2024-Ohio-836 (8th Dist.) ¶ 61, quoting *Briggs v. Glenbeigh Health Servs.*, 2000 Ohio App. LEXIS 5587, *11 (8th Dist. Nov. 30, 2000). For example, "'[i]n most instances, the rule would be applied when a plaintiff has

neglected to again attempt service after original service of process fails.'" *Southgate Towers, LLC v. Kwassi*, 2006-Ohio-2586, ¶ 6 (8th Dist.), quoting *Goolsby v. Anderson*, 61 Ohio St.3d 549, 551 (1991).

{¶ 23} Our review of the record reveals that service was not perfected pursuant to Civ.R. 4 through 4.6. After SPP Properties filed its complaint in December 2022, service of the complaint, notice of hearing, and summons was issued via deputy bailiff and certified mail. The deputy bailiff left these documents at Jones' mailbox, which may have complied with R.C. 1923.06 but was insufficient to perfect service under Civ.R. 4.1(C), requiring that service be made upon "some person of suitable age and discretion residing [at the usual place of residence of the person to be served]."

{¶ 24} Certified-mail service was subsequently returned unclaimed in January 2023, and a notice of failure of service was sent to SPP Properties along with a request for service to be signed and returned to the court. Despite this notice and receipt of pre-filled instructions for subsequent service, SPP Properties neglected to reissue service until January 2024, over one year after the complaint's filing. While SPP Properties claimed that they were unable to locate a new address for Jones, the record is devoid of any evidence of those efforts or other attempts to perfect service. Instead, the record reveals that SPP Properties made no efforts to comply with Civ.R. 3(A) and 4(E). Prior to the expiration of service deadlines, SPP did not request that the clerk reissue service via regular mail prior to Jones vacating the premises in February 2023 or via certified mail to any new address thereafter.

Nor did SPP Properties attempt to reissue service to Jones through personal or residence service, effect service by publication, or seek an extension of service deadlines.

{¶ 25} Even after SPP Properties reissued service beyond those deadlines in January 2024, service does not appear to be sufficient under Civ.R. 4 through 4.6. Based on the record before us, it is unclear where service was issued, to whom it was directed, why it was ultimately delivered to a post office box or Jones' counsel, and who accepted delivery by signing the return receipt. While the docket reflects that a return receipt was received by the clerk, the signed return receipt was not filed in the record. Therefore, the presumption of proper service is inapplicable. Nor would delivery to Jones' counsel cure any service defect; as established above, service upon Jones' counsel is insufficient to perfect service of process upon Jones.

{¶ 26} In its appellate brief, SPP Properties argues that Jones waived service when she appeared with counsel at the forcible entry and detainer hearing. In so arguing, SPP Properties ignores the January 2023 journal entry stating that the "[s]econd cause of action [was] passed for service and/or answer due date"; its untimely attempt to reissue service in January 2024, seemingly acknowledging that service was not waived; and caselaw establishing the contrary. Indeed, the Ohio Supreme Court recently reaffirmed its holding that "'when the affirmative defense of insufficiency of service of process is properly raised and properly preserved, party's active participation in litigation of a case does not constitute waiver of that defense.'" *Ackman*, 2024-Ohio-3159, at ¶ 11, quoting *Gliozzo*, 2007-Ohio-3762, at

¶ 11. Moreover, in *Banyan Living Ohio, LLC*, 2025-Ohio-2362 (8th Dist.), this court addressed a similar fact pattern and found that a defendant's appearance at a forcible entry and detainer hearing did not constitute a waiver of service on the plaintiff's money-damages claim.

{¶ 27} Our review of the record reveals that Jones challenged SPP Properties' failure to perfect service on its money-damages claim throughout the course of litigation, beginning with her initial motion to quash service of process and dismiss the complaint and continuing in her motion to set aside, answer, and brief in opposition to motion for summary judgment. Therefore, Jones properly raised and preserved her insufficiency-of-service-of-process defense. Jones' appearance at the forcible entry and detainer hearing and active participation in litigation thereafter did not constitute a waiver of that defense.

{¶ 28} SPP Properties also argues that Jones' motion to quash service and dismiss the complaint was improper. SPP Properties contends that the motion was "lacking in procedural regularity" but it does not establish that the civil rules preclude its consideration. On the contrary, caselaw reflects that similar motions have been filed, permitted, and considered. *See, e.g., Tellis v. Morgan*, 2000 Ohio App. LEXIS 3952, *7 (8th Dist. Aug. 31, 2000) ("A motion to quash service has been held to be a motion to dismiss pursuant to Civ.R. 12(B)(4) or 12(B)(5)."); *Corrao v. Bennett*, 2020-Ohio-2822 (8th Dist.) (reviewing the merits of a defendant's motion to quash service by publication).

{¶ 29} After thoroughly reviewing the record before us and applicable law, we find that SPP Properties failed to comply with the Ohio Rules of Civil Procedure's service requirements and the trial court erred when it denied Jones' motion to quash service and dismiss the complaint. Based on the facts and circumstances presented by this case, dismissal was appropriate under Civ.R. 3(A), requiring that service be perfected within one year of the complaint's filing for the action to commence, and Civ.R. 4(E), mandating dismissal when service is not made upon a defendant within six months after the complaint's filing and good cause for noncompliance cannot be shown. *See, e.g., Novotny v. Old River Rd. Restaurant*, 2008-Ohio-3673 (8th Dist.) (finding that the action was properly dismissed where plaintiffs failed to offer evidentiary material of good cause); *Gooch v. Toth*, 1997 Ohio App. LEXIS 1054 (8th Dist. Mar. 20, 1997) (finding that good cause was not shown and the trial court properly dismissed plaintiff's complaint where plaintiff "made one attempt to serve the defendant by certified mail and thereafter merely relied on the unfounded 'presumption' that service of the complaint on defense counsel . . . would be adequate"). *Compare Ohio Cas. Ins. Co. v. Robinson*, 2008-Ohio-5116 (8th Dist.) (finding that the plaintiff could not be considered negligent in its efforts to obtain service upon the defendant where numerous attempts at service were made).

{¶ 30} Judgment reversed. The matter is remanded with instructions for the municipal court to vacate the judgments granted against Jones and dismiss SPP Properties' money-damages claim.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing Parma Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN T. GALLAGHER, P.J., and
DEENA R. CALABRESE, J., CONCUR