[Cite as *Orlove v. Bringht*, 2026-Ohio-1656.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| NICOLE ORLOVE, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115571 |
| v. | : | |
| GREGORY BRINGHT, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** May 7, 2026

Civil Appeal from the City of Parma Municipal Court
Case No. 23CVG01686

### *Appearances:*

The Legal Aid Society of Cleveland, Lauren M. Onkeles-Klein, and Savannah M. Gordon, *for appellant.*

Powers Friedman Linn, PLL, and Rachel E. Cohen, *for appellee.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellee Gregory Bringht ("Bringht") appeals the Parma Municipal Court's ("court") denial of his motion to quash service of process and motion to dismiss the second cause of action for money damages ("Count 2") of Nicole Orlove's ("Orlove") complaint. We vacate the trial court's order and remand

because Orlove did not perfect service of Count 2 within six months of the filing of the complaint pursuant to Civ.R. 3 and 4.

**Relevant Facts and Procedural History**

{¶ 2} This case centers around a lease agreement for a home in Parma, Ohio entered in January 2023 between Orlove and Bringht. On May 5, 2023, Orlove filed a complaint with the trial court. The complaint contained two causes of action against Bringht: Count 1, forcible entry and detainer ("FED"), and Count 2, money damages. The complaint alleged that Bringht owed Orlove in excess of $6,875 for back rent and other charges.

{¶ 3} On May 9, 2023, Bringht was served with a summons for the FED hearing. The record indicates that service was made by residence service and states "front door," meaning a copy was left at the front door. On May 15, 2023, Bringht filed a pro se motion to dismiss that asserted he was not properly served with the FED pursuant to R.C. 1923.04.

{¶ 4} On May 24, 2023, defense counsel entered a notice of appearance for Bringht. On May 30, 2023, the trial court held a hearing on the FED action. On May 31, 2023, the trial court entered judgment for Orlove and against Bringht on the FED action. The order also stated, "Second cause of action passed for [s]ervice and/or answer due date."

{¶ 5} On June 6, 2023, the United States Postal Service ("USPS") returned Orlove's first attempt at service of Count 2 on Bringht via certified mail. The envelope was marked "unclaimed" and indicated that USPS made attempts to

deliver via certified mail on May 8, 15, and 23, 2023. On the same date, the trial court issued a "failure of service" notice and a separate "request for service of summons" to Orlove's counsel of record.

{¶ 6} On January 2, 2024, Orlove filed a request to the clerk's office to re-issue certified mail service of the complaint and summons to Bringht at 4709 Pearl Road, Cleveland, OH 44109. This was Orlove's second attempt at service via certified mail. However, the clerk's office sent the service and summons to a post office box in zip code 44101 and to Bringht's counsel, but not to Bringht himself. On January 18, 2024, the trial court docketed an entry stating that service "via Certified Mail was Perfected on 01/18/2024."

{¶ 7} On February 15, 2024, Bringht filed a motion to quash service of process and to dismiss plaintiff's complaint. The motion moved the trial court to quash the January 2024 attempted service of the summons and complaint pursuant to Civ.R. 12(B)(4) and to dismiss plaintiff's complaint for failure to perfect service within six months of the filing of the complaint pursuant to Civ.R. 4(E). The motion further asserted that the complaint and summons on Count 2 were served by certified mail on counsel for Bringht and that counsel is not an agent authorized to accept service for Bringht. Orlove's brief in opposition acknowledges that the clerk's office sent the service and summons to a post office box in zip code 44101 and to Bringht's counsel, but not to Bringht himself as requested in the request for service. Orlove's brief also indicated that service was not perfected within the six months allowed pursuant to Civ.R. 4(E) because Orlove could not locate an address for

Bringht. On February 23, 2024, the trial court denied Bringht's motion. The order is signed by the magistrate as "acting judge."

{¶ 8} On March 4, 2024, Bringht filed a motion to set aside magistrate's order. The motion asserted that the trial court's records and Orlove's brief in opposition established that service had not been perfected on Bringht and that Orlove did not demonstrate good cause sufficient to extend the time limit to perfect service pursuant to Civ.R. 4 (E). On March 6, 2024, the magistrate who denied the motion to quash also denied the motion to set aside the magistrate's decision, this time signing the order as a magistrate and not as an acting judge.[1]

{¶ 9} On March 22, 2024, Bringht filed a motion for leave to set aside the magistrate's March 6, 2024 order. On March 26, 2024, the trial court issued a journal entry stating, "Defendant's motion to set aside Magistrates March 6, 2024, and February 23, 2024 orders [is] hereby denied."

{¶ 10} On April 11, 2024, Bringht filed a motion for leave to file answer with counterclaims. In the motion, Bringht asserted that he had not been served with Count 2 pursuant to Civ.R. 4. Bringht's proposed answer and counterclaims were attached to his motion and state, in part, "Now comes Defendant, through undersigned Counsel, and — without waiving service of the Summons and Plaintiff's complaint — sets for[th] the following . . . ."

---

[1] It appears from the record that the magistrate curiously filled multiple roles in this case as magistrate, as "acting judge," as bailiff, and as court administrator.

**{¶ 11}** On June 27, 2024, Orlove filed instructions for service requesting service of the complaint on Bringht by certified mail at 3101 Euclid Ave. #108, Cleveland, Ohio, 44115. This was Orlove's third attempt at perfecting service via certified mail. The Parma Municipal Court Clerk's Office sent service via certified mail to the address in the instructions for service and also to counsel for Bringht. A docket entry reflects that Bringht was served by certified mail on July 1 and 7, 2024. However, the record reflects that counsel for Bringht was served but Bringht was not served. The certified mail envelope that was sent to Bringht was returned to the clerk's office marked "return to sender, attempted-not known, unable to forward" and filed with the clerk of courts on January 28, 2025.

**{¶ 12}** On October 9, 2024, the trial court held a trial on Count 2. Bringht did not appear for the trial, and the trial court denied counsel's oral motion for a continuance. Counsel for Bringht renewed the motion to quash the summons and to dismiss the complaint and asserted that the trial court did not have personal jurisdiction over Bringht because service was not properly perfected pursuant to Civ.R. 4. The trial court denied the oral motion and stated that there was adequate service because Bringht had notice of the trial. The case then proceeded to trial, and the trial court granted judgment in favor of Orlove and against Bringht in the amount of $11,185.79, plus interest at the rate of 8 percent per annum from the date of the court order. This appeal followed.

**{¶ 13}** Bringht raises the following four assignments of error for our review:

1. The trial court committed reversible error in denying Mr. Bringht's motions to dismiss, as the trial court was required to dismiss Appellee's complaint after Appellee did not timely perfect service on him.

2. The trial court committed reversible error in granting judgment against Mr. Bringht, as Appellee never perfected service on him and failed to commence their civil action within one year from filing.

3. The trial court erred by granting judgment to appellee in an amount contrary to the manifest weight of the evidence.

4. The trial court erred by awarding Appellant a late fee sum prohibited under the law.

**Law and Analysis**

{¶ 14} We address Bringht's first and second assignments of error together for ease of analysis. In his first assignment of error, Bringht asserts that the trial court erred when it did not grant his motion to quash and motion to dismiss for failure to perfect service within six months as mandated by Civ.R. 4(E). In his second assignment of error, Bringht asserts that the trial court erred when it entered judgment against him after Orlove failed to perfect service. Bringht disputes service on Count 2 of the complaint; however, he does not dispute that he was properly served with the FED action pursuant to R.C. 1923.06.

{¶ 15} As a preliminary matter, we note that we have recently reviewed these issues in cases with similar fact patterns in *SPP Props., L.L.C. v. Jones*, 2025-Ohio-4375 (8th Dist.), and *Banyan Living Ohio, LLC v. Vourliotis*, 2025-Ohio-2361 (8th Dist.).

{¶ 16} "We review the trial court's judgment regarding the validity of service for an abuse of discretion." *Midland Funding, L.L.C. v. Cherrier*, 2020-Ohio-3280,

¶ 13 (8th Dist.), citing *GGNSC Lima, L.L.C., v. LMOP, L.L.C.*, 2018-Ohio-1298, ¶ 15 (8th Dist.). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 17} This court recently highlighted the importance of proper service, stating as follows:

> Absent waiver, proper service of process is a prerequisite for personal jurisdiction. *Kerby v. Zerick*, 2024-Ohio-5665, ¶ 15 (10th Dist.), citing *Williams v. Gray Guy Group, L.L.C.*, 2016- Ohio-8499, ¶ 18 (10th Dist.). Without proper service, a trial court lacks personal jurisdiction over the defendant and cannot enter a valid judgment against them. *Id.* at ¶ 14. Indeed, it is well-established that "[a] judgment rendered without personal jurisdiction is void." *Banyan Living Ohio, LLC v. Vourliotis*, 2025-Ohio-2361, ¶ 14 (8th Dist.), citing *GGNSC Lima, L.L.C., v. LMOP, L.L.C.*, 2018-Ohio-1298, ¶ 14 (8th Dist.), citing *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph three of the syllabus; *Midland Funding, L.L.C.*, 2020-Ohio-3280, at ¶ 9.

*Jones* at ¶ 17.

{¶ 18} We first address Orlove's assertion that Bright was properly served with Count 2 pursuant to R.C. 1923.06(H)(2). This court has previously found that "[w]hile R.C. 1923.06 governs service of process in [FED] actions, the statute does not nullify the service requirements established by the Ohio Rules of Civil Procedure for other claims raised therein." *Id.* at ¶ 18, citing Civ.R. 1. In addition, Orlove did not raise the argument with the trial court that service on Count 2 pursuant to R.C. 1923.06(H)(2) was proper service. "'[A] party cannot present new arguments for the first time on appeal that were not raised below[.]'" *Johnson v. State Farm*

*Mut. Auto. Ins. Co.*, 2024-Ohio-3187, ¶ 24 (8th Dist.), quoting *State v. Moore*, 2020-Ohio-3459, ¶ 58 (8th Dist.).

**{¶ 19}** "'The obligation is upon plaintiffs to perfect service of process; defendants have no duty to assist them in fulfilling this obligation.'" *Jones,* 2025-Ohio-4375, at ¶ 16, quoting *Ackman v. Mercy Health W. Hosp., L.L.C.*, 2024-Ohio-3159, ¶ 15, citing *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 2007-Ohio-3762, ¶ 16.

**{¶ 20}** Ohio Civ.R. 4 governs service of process, including methods of service and who may be served. Relevant here, this court recently explained service via certified mail as follows:

> Civ.R. 4.1 establishes three methods of obtaining in-state service of process: (1) service by clerk, (2) personal service, and (3) residence service. Service by clerk may be accomplished via certified mail, amongst other delivery methods, and must be evidenced by a return receipt signed by any person accepting delivery. Civ.R. 4.1(A)(1). In instances of certified-mail service, the clerk must
>
>> "deliver a copy of documents to be served to the United States Postal Service [('USPS')] for mailing at the address set forth in the caption or at the address set forth in the written instructions furnished to the clerk as certified . . . mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered and the delivery date and address."
>
> Civ.R. 4.1(A)(1). The clerk must also enter certain entries on the appearance docket indicating delivery to USPS for mailing, when the return receipt is received, and delivery failures. Civ.R. 4.1(A)(2). When certified mail is returned unclaimed, the clerk must notify the attorney of record, enter the fact and method of notification on the docket, and reissue service via ordinary-mail if the attorney subsequently files a written request for ordinary-mail service. Civ.R. 4.6(D). Service is deemed complete when the fact of mailing is docketed, so long as the

ordinary-mail envelope is not returned with a failed-delivery endorsement. *Id.* The clerk must "file the return receipt or returned envelope in the records of the action." Civ.R. 4.1(A)(2). While a rebuttable presumption of proper service arises where a plaintiff complies with the civil rules and a signed receipt is returned, that presumption applies only when the docket reflects that the return receipt was received and the signed returned receipt is filed in the record by the clerk. *Kerby v. Zerick*, 2024-Ohio-5665, at ¶ 13, (10th Dist.), citing *Boggs v. Denmead*, 2018-Ohio-2408, ¶ 8, (10th Dist.).

*Jones* at ¶ 19.

{¶ 21} A review of the record reflects that Orlove made three attempts to perfect service on Bringht via certified mail. However, Orlove never perfected service on Bringht pursuant to Civ.R. 4. In addition, we note that Orlove's appellate brief asserts that service of Count 2 pursuant to Civ.R. 4 is not required and does not assert that it was in fact perfected. Although counsel for Bringht was served with Count 2 pursuant to Civ.R. 4, this court has recently held that "[i]t is well-established that service upon a defendant's counsel is insufficient to perfect service of process upon that defendant." *Jones* at ¶ 21, citing *Vourliotis*, 2025-Ohio-2361, at ¶ 19, citing *Gooch v. Toth*, 1997 Ohio App. LEXIS 1054, *5 (8th Dist. Mar. 20, 1997).

{¶ 22} Ohio Civ.R. 4(E) governs the time limit for service of process, and states as follows:

> If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action *shall* be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

(Emphasis added.)

**{¶ 23}** Civ.R. 4(E) "clearly intends that where service is not perfected within six months of the date of the filing of the complaint, the action shall be dismissed without prejudice." *Thomas v. Freeman*, 79 Ohio St.3d 221, 225-226 (1997).

**{¶ 24}** Orlove has not shown good cause why service was not made within six months of the date of the filing of the complaint. Only after Bringht filed a motion to quash service of process and to dismiss plaintiff's complaint on February 15, 2024, nine months after the filing of the complaint, did Orlove attempt to show good cause why service on Bringht was not perfected within six months. Orlove asserted that the failure to serve Bringht within the six months was because she could not locate a valid address for him. We note that Orlove's response to Bringht's motion admits that service on him had not been perfected.

**{¶ 25}** In addition, Orlove has not established that she was diligently attempting to perfect service on Bringht. Civ.R. 4 (E) "is directed toward clearing the docket of those non-diligent plaintiffs who neglect follow-up, in-state process when original in-state service of process fails." *Harrell v. Guest*, 33 Ohio App.3d 163, 164 (8th Dist. 1986), citing Editor's Note to Civ.R. 4(E) (Page's 1986 Supp.). In this case, after the complaint was filed on May 5, 2023, Orlove had until and including November 5, 2023, pursuant to Civ.R. 4(E) to perfect service on Bringht. After the original in-state service of process by certified mail was returned June 6, 2023, Orlove did not file a request for the clerk's office to reissue service until January 2, 2024.

{¶ 26} In her appellate brief Orlove asserts that Bringht waived service when he filed his first motion to dismiss in the FED case. The Ohio Supreme Court has held that "'[w]hen the affirmative defense of insufficiency of service of process is properly raised and properly preserved, a party's active participation in the litigation of a case does not constitute waiver of that defense.'" *Jones*, 2025-Ohio-4375, at ¶ 26, citing *Ackman*, 2024-Ohio-3159, at ¶ 11, quoting *Gliozzo*, 2007-Ohio-3762, at ¶ 11. "Moreover, in *Banyan Living Ohio, LLC*, 2025-Ohio-2362 (8th Dist.), this court addressed a similar fact pattern and found that a defendant's appearance at a [FED] hearing did not constitute a waiver of service on the plaintiff's money-damages claim." *Jones* at ¶ 26. Our review of the record reveals that Bright challenged Orlove's failure to perfect service throughout the course of litigation. Therefore, Bright properly raised and preserved his insufficiency-of-service-of-process defense. Bright's appearance at the FED hearing and active participation in litigation thereafter did not constitute a waiver of that defense.

{¶ 27} Pursuant to Ohio Civ.R. 3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant . . . ." Dismissal of the complaint is appropriate when service is not perfected under Civ.R. 3(A) within a year of the complaint's filing. *Jones* at ¶ 22, citing *Kerby*, 2024-Ohio-5665, at ¶ 12, citing *Boggs*, 2018-Ohio-2408, at ¶ 22, citing *McAbee v. Merryman*, 2013-Ohio-5291, ¶ 16 (7th Dist.).

{¶ 28} After a thorough review of the record, we find that Orlove failed to perfect service on Bright pursuant to Civ.R. 4. The record establishes that

dismissal was appropriate under Civ.R. 3(A) and 4(E), and good cause for failure to perfect service within the mandated time frame was not shown. Therefore, we find that the trial court abused its discretion when it denied Bringht's motion to quash service and dismiss the complaint. Bringht's first assignment of error is sustained.

{¶ 29} As stated above, "[a] judgment rendered without personal jurisdiction is void." *Vourliotis*, 2025-Ohio-2361, at ¶ 14, citing *GGNSC Lima,* 2018-Ohio-1298, at ¶ 14, citing *Patton*, 35 Ohio St.3d 68, at paragraph three of the syllabus; *Cherrier*, 2020-Ohio-3280, at ¶ 9. The trial court did not have personal jurisdiction on Count 2 because service on Bringht was not perfected. Therefore, the judgment entered on Count 2 against Bringht is void and Bringht's second assignment of error is sustained.

{¶ 30} Our findings on Bringht's first and second assignments of error render the third and fourth assignments of error moot. The matter is remanded with instructions for the trial court to vacate the judgment against Bringht on Count 2 and dismiss Count 2 of the complaint without prejudice.

{¶ 31} Vacated and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

MICHELLE J. SHEEHAN, A.J., and
ANITA LASTER MAYS, J., CONCUR